UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE MOTION TO QUASH SUBPOENA OF BLUELINE MANUFACTURING INC. | *CIVIL NO. 09 -MC-0047<br><br>*MAGISTRATE JUDGE HANNA |

# MINUTES OF HEARING AND ORDER

A telephone conference on the motion to quash the subpoena served on non-party BlueLine Mfg, Inc. (BlueLine) or, alternatively, to transfer this matter to the United States District Court for the Southern District of Texas, Houston Division [rec. doc. 1] filed by Wellbore Energy Solutions, Inc.'s (WES) was held on January 4, 2010 before the undersigned Magistrate Judge.[1]  Ted Anthony and Jason Sharp participated on behalf of mover WES.  Anthony L. Aderholt and Michael Skinner participated on behalf of respondent M-I.  Lamont Domingue participated on behalf of BlueLine. Considering the motion, opposition thereto, and the arguments of counsel, the undersigned concludes that the motion to quash should be denied as premature and a scheduling order be entered directed to obtaining particularized information regarding the documents at issue to determine whether they are discoverable.

The deposition notice sought production of certain documents from BlueLine who is not a party to the underlying litigation  pending in the United States District

---

[1] Statistical time: 30 minutes.

Court for the Southern District of Texas captioned <u>M-I, LLC V. CHAD L. STELLY, STEPHEN SQUYRES, BENTON THOMAS KNOBLOCH AND WELLBORE ENERGY SOLUTIONS, LLC</u>, Civil Action No. H-09-cv-1552.  In the underlying litigation, plaintiff M-I alleges that the defendants tortuously interfered with its employees and customers and misappropriated confidential information and product designs.   This Court previously considered a subpoena duces tecum issued to an attorney who represented some of the defendants in this litigation. Counsel for the deponent in that matter wished for the presiding court in Texas to consider the motion to quash, and due to the sensitive nature of the inquiry and this Court's lack of knowledge of the underlying litigation, the motion was transferred.

In the instant matter, BlueLine has already begun producing records to the plaintiffs and wanted the Court's guidance on production of documents they believe are subject to a confidentiality agreement between BlueLine and WES. According to BlueLine, they have three categories of documents that are responsive to the subpoena two of which they have already begun to produce to M-I. The third category of documents pertain to BlueLine transactions with WES and it is only those that may be subject to the confidentiality agreement between Blueline and WES.  WES seeks to quash the subpoena directed toward its documents because the documents contain highly sensitive trade secrets and/or other confidential information.  However, WES

seeks this relief without having actually seen the documents in question.

Mr. Anthony asserted that WES, M-I and BlueLine discussed the subpoena during a December 9, 2009 telephone conference wherein he offered to review the BlueLine/WES documents, redact any confidential information, and produce the redacted documents; however, M-I's counsel did not agree to do so and suggested a motion be filed by WES.

BlueLine voiced no objection to the jurisdiction of this court to hear this matter. The documents that have been or are in the process of being produced subject to an agreement among the parties are as follows:

1. All M-I documents requested by the subpoena will be produced through a "rolling production." They are being produced at the rate of 150 every six days but BlueLine is a "little ahead of the game."

2. Redacted attorneys' bills have been produced.

3. BlueLine will produce all WES documents required by the court subject to its agreement with M-I regarding the cost of the production.

Messrs. Anthony and Domingue advised that WES documents are being withheld at this time subject to the confidentiality agreement between WES and BlueLine. At the time of the conference, counsel for BlueLine had not reviewed that agreement and was unable to stipulate whether or not the documents at issue were specifically protected by it.

Fed. R. Civ. P. 45(c)(3)(B)(I) provides in pertinent part that the issuing court, in

order to protect a person subject to or affected by a subpoena, may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information.

> Under Rule 45, the Court can quash or modify the subpoena if it, among other things, requires disclosure of privileged or other protected matter and no exception or waiver is applicable. Fed.R.Civ.P. 45(c)(1). A motion to quash or modify a subpoena under Rule 45(c)(3) of the Federal Rules of Civil Procedure may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. *See* Shepard v. Castle, 20 F.R.D. 184 (W.D.Miss.1957). However, a party, although not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have such standing if he has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., 1998 WL 186705, *4 (E.D.La.1998) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979)).

Kiger v. Plaisance Dragline, 2006 WL 3228289, 1 (E.D. La.2006).

Here, WES alleges that the BlueLine documents at issue contain trade secrets; and, thus, makes a threshold showing of standing to quash M-I's subpoena which is not disputed by the parties.  However, based on the record before it, the court is unable to determine whether any of the documents requested should be produced because WES has made no particularized showing as to any individual document to support any finding that the document contains confidential information and/or is the subject of a trade secret that should be protected.

Considering the foregoing, and, in particular, BlueLine's stipulation that it will

produce all documents ordered by the court in accordance with its agreement with M-I and that it does not object to the jurisdiction of this court to decide the instant matter, the following orders were entered:

1. WES's motion to quash is **DENIED AS PREMATURE** with the right to re-urge within ten (10) days of the filing of M-I's response as set forth below.

2. Counsel for BlueLine and WES shall confer as soon as possible as to the scope of the parties' confidentiality agreement and whether it addresses the situation at hand, including the issue of trade secrets or any other protected confidential information.  Counsel shall fax or hand deliver a letter setting forth their determination to the chambers of the undersigned magistrate judge and opposing counsel.[2]

3. **On or before January 25, 2010**, BlueLine shall provide the documents requested to WES.[3]  Mr. Domingue shall inform the law clerk assigned to the matter, Lynn Arceneaux, when the documents have been provided. **On or before January 25, 2010**, WES shall file under seal an itemization of the documents it seeks to be protected, stating with particularity its basis for its conclusion that the information is confidential information and/or the subject of a trade secret that should be protected.  WES is to fax or hand-deliver a copy of the itemization, on the date filed, to the chambers of the undersigned magistrate judge and counsel for the parties to this litigation.

4. **On or before February 4, 2010,** M-I shall file its response, providing a copy to the chambers of the undersigned and all counsel.

---

[2] During the telephone conference, after discussion with counsel, the undersigned found that WES had made no showing that its confidentiality agreement with BlueLine is a confidential document protected from disclosure. However, that will be reconsidered if presented.

[3] M-I has agreed that the production of the WES documents shall take precedence over the M-I documents being produced to it.

5.  All documents that are produced are to be produced subject to the Agreed Protective Order entered by Judge Ellison on July 8, 2009 in the underlying litigation in Texas.

Should there be a dispute as to the production of any documents after the disclosure of the itemization and response by plaintiff, the undersigned will consider any re-urged motion to quash, or modifying the motion in order to enter a protective order or to transfer the matter concerning the production of those documents to the Southern District of Texas for determination of whether the production is consistent with the discovery plan set forth by the district court in Texas in accordance with the schedule set forth above.

The parties to this matter are directed to contact the chambers of the undersigned should any problems arise that would potentially delay the completion of the above schedule.

The clerk is directed to provide a copy of this order to the clerk of court for the United States District Court for the Southern District of Texas-Houston Division for filing into the record of <u>M-I, LLC V. CHAD L. STELLY, STEPHEN SQUYRES, BENTON THOMAS KNOBLOCH AND WELLBORE ENERGY SOLUTIONS, LLC</u>, Civil Action No. H-09-cv-1552. The clerk shall also provide a courtesy copy to District

Judge Keith P. Ellison, Southern District of Texas-Houston Division.

Signed in chambers in Lafayette, Louisiana this 6th day of January, 2010.

```
_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)
```